Filed 9/9/15  P. v. Arriaza CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>RICARDO ENRIQUE ARRIAZA,<br><br>        Defendant and Appellant. | B261999<br><br>(Los Angeles County<br>Super. Ct. No. BA421435) |

THE COURT:*

Appellant and defendant Ricardo Enrique Arriaza (defendant) appeals his judgment of conviction of second degree robbery.  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues.  On June 17, 2015, we notified defendant of his counsel's brief and gave him leave to file, within 30 days, his own brief or letter stating any grounds or argument he might wish to have considered.  That time has elapsed, and defendant has submitted no brief or letter.  We have reviewed the entire record, and finding no arguable issues, affirm the judgment.

---

\*        ASHMANN-GERST, Acting P.J., CHAVEZ, J., HOFFSTADT, J.

Defendant was charged with second degree robbery in violation of Penal Code section 211.**1**  The information also alleged that defendant had previously been convicted of robbery, a prior serious or violent felony, bringing defendant within the provisions of the "Three Strikes" law, sections 1170.12, subdivision (b), and 667, subdivisions (b)-(j), as well as the enhancement provisions of section 667.5, subdivision (b), and section 667, subdivision (a)(1).  In addition the information alleged that defendant served a prison term for the same conviction, within the meaning of section 667.5.

A jury found defendant guilty of second degree robbery, and in a bifurcated proceeding, defendant waived trial and admitted his prior conviction.  On January 7, 2015, the trial court sentenced defendant to a total prison term of 11 years, comprised of the middle term of three years in prison, doubled as a second strike, and five years under section 667, subdivision (a)(1).  Defendant was ordered to pay mandatory fines and fees and was given custody credit of 199 actual days in custody, plus 15 percent, for a total of 229 days.  Defendant filed a timely notice of appeal from the judgment.

The evidence showed that defendant approached the victim, Jose Velasquez (Velasquez), demanded the contents of his pockets and took his cell phone.  Within about an hour of the robbery, the police located defendant with the cell phone's locator application.  Velasquez was then taken to defendant's location, where he identified his cell phone and defendant as the robber.  Velasquez testified that defendant had been wearing a beanie and long white socks.  The defense presented the testimony of defendant's brother, Brian Arriaza, who testified that defendant did not own or wear a beanie or long white socks, and that defendant had arrived home with a cell phone more than one-half hour prior to the time of the robbery.

We have examined the entire record and are satisfied that defendant's appellate counsel has fully complied with her responsibilities and that no arguable issue exists.  We conclude that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the

---

**1**    All further statutory references are to the Penal Code, unless otherwise indicated.

judgment entered against him in this case.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.